BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
Email:       fbottini@bottinilaw.com
             achang@bottinilaw.com
             ykolesnikov@bottinilaw.com

*Counsel for Plaintiff Gregory M. Miller*

[Additional counsel listed on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. MILLER, derivatively on behalf of SOLAZYME, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN S. WOLFSON, MICHAEL V. ARBIGE, IAN T. CLARK, JAMES R. CRAIGIE, JERRY FIDDLER, PETER KOVACS, DAVID C. COLE, and TYLER W. PAINTER, <br><br> Defendants, <br><br> - and - <br><br> SOLAZYME, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 15-cv-3880 HSG <br><br> **Stipulation and [Proposed] Order Temporarily Deferring Prosecution of Derivative Action and Appointing Lead Counsel for Plaintiff** |

1   WHEREAS, on August 25, 2015, Plaintiff Gregory M. Miller ("Plaintiff") filed
2 this shareholder derivative action (the "Federal Derivative Action") on behalf of
3 nominal defendant Solazyme, Inc. ("Solazyme"), and against defendants Jonathan S.
4 Wolfson, Michael V. Arbige, Ian T. Clark, James R. Craigie, Jerry Fiddler, Peter
5 Kovacs, David C. Cole, and Tyler W. Painter, (collectively with Solazyme,
6 "Defendants"), alleging claims for, among other things, breaches of fiduciary duties
7 in connection with alleged false and misleading statements regarding Solazyme's
8 financial condition and business prospects;

9   WHEREAS, related to the Federal Derivative Action is a purported
10 shareholder derivative action captioned, *Bertonis v. Wolfson*, No. CIV 534717 (Cal.
11 Super. Ct., Cnty. of San Mateo) (complaint filed July 16, 2015), which is currently
12 pending in the Superior Court of California, County of San Mateo (the "State
13 Derivative Action"), asserting similar claims against nearly identical defendants
14 based on similar events and transactions alleged in the Federal Derivative Action;

15   WHEREAS, both the Federal Derivative Action and the State Derivative
16 Action involve some of the same defendants and similar events and transactions
17 alleged in a related securities-fraud class action pending in this Court, *Norfolk*
18 *County Retirement System v. Solazyme, Inc.*, No. 15-cv-2938 HSG (N.D. Cal.)
19 (complaint filed June 24, 2015) (the "Securities Class Action");

20   WHEREAS, counsel for the parties in the Federal Derivative Action have been
21 engaged in discussions since the Federal Derivative Action was filed regarding next
22 steps in light of the State Derivative Action and Securities Class Action, and agreed
23 to defer proceedings in the Federal Derivative Action pending negotiation and
24 finalization of this Stipulation;

25   WHEREAS, on October 20, 2015, the Court appointed lead plaintiff and lead
26 counsel in the Securities Class Action pursuant to the Private Securities Litigation
27 Reform Act of 1995 ("PSLRA");

28

1

1    WHEREAS, on December 15, 2015, the lead plaintiff filed a consolidated
2 complaint in the Securities Class Action;

3    WHEREAS, on February 12, 2016, defendants in the Securities Class Action
4 moved to dismiss the consolidated complaint;

5    WHEREAS, pursuant to the PSLRA, all discovery in the Securities Class
6 Action is stayed pending the outcome of defendants' motion to dismiss;

7    WHEREAS, on February 2, 2016, the Superior Court stayed the State
8 Derivative Action until January 1, 2017 while the motion to dismiss the Securities
9 Class Action is pending;

10   WHEREAS, based upon the overlapping parties and factual allegations
11 contained in the Federal Derivative Action and the Securities Class Action, and to
12 avoid the unnecessary expenditure of judicial resources before resolution of the
13 anticipated motion to dismiss the Securities Class Action, Plaintiff and Defendants
14 agree, subject to this Court's approval, to temporarily defer prosecution, including
15 motion practice and discovery, in the Federal Action until such time as the Court
16 issues an order ruling on the defendants' motion to dismiss the Securities Class
17 Action;

18   WHEREAS, the parties in the Federal Derivative Action agree that, at any
19 time during which the prosecution of this case is deferred pursuant to this
20 stipulation and order, any party may file a motion with the Court seeking to modify
21 the terms of the Order, which may be opposed by any other party; and

22   WHEREAS, the parties in the Federal Derivative Action further agree that
23 appointment of lead counsel for plaintiff will promote efficiency and ensure orderly
24 proceedings.

25 ///
26 ///
27 ///
28

NOW THEREFORE, Plaintiff and Defendants, by their undersigned counsel, stipulate as follows:

1. Except as noted in ¶¶ 4–6 below, all proceedings, including motions practice and discovery, in the Federal Derivative Action are deferred until the earlier occurrence of: (a) an order on the pending motion to dismiss in the Securities Class Action sustaining all or part of the consolidated complaint; (b) dismissal of the Securities Class Action in its entirety with prejudice; or (c) notification to the Court by counsel for Plaintiff or Defendants of a settlement of the Securities Class Action, the State Derivative Action, or any subsequently filed or threatened derivative actions that are based on the same or substantially similar allegations as made in the Federal Derivative Action;  (d) as otherwise ordered by the Court (including a further deferral of these proceedings); or (e) January 1, 2017.

2. Within 20 days after the occurrence of any event listed in ¶ 1, the parties shall meet and confer and shall submit a proposed scheduling order governing further proceedings in the Federal Derivative Action, including a proposed schedule regarding the designation or filing of an operative complaint and Defendants' responses thereto.

3. Plaintiff may file an amended complaint, but Defendants need not answer, move, or otherwise respond to any complaint or amended complaint filed in the Federal Derivative Action while the proceedings are deferred.  None of the Defendants shall have to respond to any complaint or amended complaint filed in the Federal Derivative Action until a response date is set and/or approved by the Court.

4. In the event that any discovery is provided or produced to plaintiff in the State Derivative Action, or any subsequently filed or threatened derivative actions that are based on the same or substantially similar allegations as made in the Federal Derivative Action while proceedings in the Federal Derivative Action are

deferred, Defendants will provide copies of that discovery to counsel for Plaintiff subject to the execution of an appropriate protective order.

5. Defendants shall invite counsel for Plaintiff, Bottini & Bottini, Inc., to participate in any formal settlement meetings, mediations, or conferences that might be held in the State Derivative Action, or any subsequently filed or threatened derivative actions that are based on the same or substantially similar allegations as made in the Federal Derivative Action while proceedings in the Federal Derivative Action are deferred.

6. At any time during which the prosecution of this Federal Derivative Action is deferred pursuant to this stipulation and order, a party may file a motion with the Court seeking to modify the terms of the order, whether or not other parties object to such motion.

7. Plaintiff requests that the Court appoint Bottini & Bottini, Inc. as plaintiff's Lead Counsel in the Federal Derivative Action. Defendants take no position on the request.

8. Lead Counsel shall have the authority over the following matters on behalf of Plaintiff and any plaintiffs in any subsequently filed or threatened derivative actions that are based on the same or substantially similar allegations as made in the Federal Derivative Action:

   (a) preparing, filing, and amending any complaints;

   (b) directing, coordinating, and supervising the prosecution of the derivative claims;

   (c) initiating, responding to, scheduling, briefing, and arguing all motions;

   (d) appearing at all hearings and conferences;

   (e) determining the scope, order, and conduct of all discovery proceedings;

(f) assigning work to all plaintiff's counsel as necessary and appropriate;

(g) retaining experts;

(h) communicating with the Court;

(i) communicating with Defendants' counsel and entering into agreements with Defendants' counsel;

(j) conducting settlement negotiations with Defendants and their counsel;

(k) collecting and reviewing time and expense records from any and all plaintiff's counsel, and if appropriate, submitting a joint fee and costs application;

(l) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice; and

(m) performing such other duties that may be incidental to proper coordination with the proceedings in the State Derivative Action or authorized by further order of the Court.

9. All plaintiffs' counsel in any subsequently filed or threatened derivative actions that are based on the same or substantially similar allegations as made in the Federal Derivative Action shall act at the direction of Lead Counsel and shall assist Lead Counsel in facilitating coordination and communications among counsel for the parties and with the Court, and shall otherwise assist in the coordination of discovery, presentations at pretrial conferences, other pretrial activities, and trial.

IT IS SO STIPULATED.

///

///

///

Stipulation and [Proposed] Order
Case No. 15-cv-3880 HSG

| | |
|---|---|
| Dated: March 9, 2016 | Respectfully submitted, |
| | BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>Yury A. Kolesnikov (SBN 271173) |

s/ Francis A. Bottini, Jr.<br>Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
Email:   fbottini@bottinilaw.com
  achang@bottinilaw.com
  ykolesnikov@bottinilaw.com

*Counsel for Plaintiff*

MORRISON & FOERSTER
Jordan D. Eth (SBN 121617)
Mark R.S. Foster (SBN 223682)

s/ Mark R.S. Foster<br>Mark R.S. Foster

425 Market Street
San Francisco, CA 94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522
Email:   jeth@mofo.com
  mfoster@mofo.com

*Counsel for Defendants*

**ATTESTATION**

In compliance with Local Rule 5-4.3.4(a)(2)(i), I, Francis A. Bottini, Jr., attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

s/ Francis A. Bottini, Jr.<br>Francis A. Bottini, Jr.

6
Stipulation and [Proposed] Order
Case No. 15-cv-3880 HSG

1
2                            **[PROPOSED] ORDER**
3         Pursuant to Stipulation, it is so ordered.
4   Dated: _____ March 29, 2016         _____
                                              The Honorable Haywood S. Gilliam, Jr.
5                                             United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                        7
                        Stipulation and [Proposed] Order
                            Case No. 15-cv-3880 HSG